IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD H. LUM, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Civil Action No. 08-953-GMS |
| | ) | |
| PERRY PHELPS, Warden, and | ) | |
| JOSEPH R. BIDEN, III, | ) | |
| Attorney General of the State | ) | |
| of Delaware, | ) | |
| | ) | |
| Respondents. | ) | |

Richard H. Lum, Jr. *Pro se* petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

**MEMORANDUM OPINION**

January 5, 2012
Wilmington, Delaware

Sleet, Chief Judge

Pending before the court is an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") filed by petitioner Richard H. Lum, Jr. ("Lum"). (D.I. 1) For the reasons discussed, the court will deny the petition as time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.

## I. PROCEDURAL BACKGROUND

On September 26, 1988, Lum was charged by information with one count of first degree unlawful sexual intercourse ("USI") and second degree burglary. (D.I. 11 at 3) In January 1989, a Delaware Superior Court jury found Lum guilty of both charges. On March 3, 1989, the Superior Court sentenced Lum to a term of natural life for the USI conviction, the first twenty (20) years being mandatory, and to an additional five (5) years of imprisonment for the burglary conviction. *Id.*; (D.I. 14) The Delaware Supreme Court affirmed Lum's convictions and sentences on December 20, 1989. *Lum v. State*, 571 A.2d 787 (Table), 1989 WL 160439 (Del. Dec. 20, 1989).

On April 19, 2001, the Superior Court corrected Lum's USI sentence to read "life imprisonment" instead of "balance of natural life." (D.I. 11 at 3; D.I. 14, State's App. in *Lum v. State*, No.211,2001) The Delaware Supreme Court affirmed this corrected sentence on January 15, 2002. *See Lum v. State*, 788 A.2d 528 (Table), 2002 WL 86685 (Del. Jan. 15, 2002).

Lum filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion") on August 17, 2006, which the Superior Court denied on March 22, 2007. *See State v. Lum*, 2007 WL 1041415 (Del. Super. Ct. Mar. 22, 2007). The Delaware Supreme Court affirmed that judgment on December 20, 2007. *See Lum v. State*, 941

1

A.2d 1018 (Table), 2007 WL 4442633 (Del. Dec. 20, 2007).

Lum filed the instant petition in December, 2008, asserting four grounds for relief: (1) his Fifth Amendment rights were violated because he was charged by information without waiving his right to an indictment; (2) the court failed to instruct the jury on the definition of voluntary social companion; (3) his Rule 61 motion was denied as a result of his being denied access to the courts; and (4) defense counsel provided ineffective assistance by failing to challenge the absence of an indictment and by failing to challenge the court's jury instruction. The State contends that the court must dismiss the petition in its entirety as time-barred or, alternatively, dismiss the claims as procedurally barred.

## II. DISCUSSION

### A. One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 24, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements. *See generally Lindh v. Murphy*, 521 U.S. 320, 336 (1997). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or


(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Lum's petition, dated December 2008, is subject to the one-year limitations period contained in § 2244(d)(1). *See Lindh*, 521 U.S. at 336. Lum does not allege, and the court cannot discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Lum's convictions became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final ninety days after the state appellate court's decision. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, Lum's judgments of conviction became final on March 20, 1990, because he did not seek certiorari review of the Delaware Supreme Court's December 20, 1989 decision affirming his convictions and sentences. However, because Lum's conviction became final prior to AEDPA's effective date of April 24, 1996, he benefits from a one-year grace period for timely filing habeas petitions, thereby extending the filing period through April 23, 1997.[1] *See McAleese v. Brennan*, 483 F.3d 206, 213 (3d Cir. 2007); *Douglas v. Horn*, 359 F.3d 257, 261 (3d Cir. 2004). Thus, Lum had until

---

[1]Many federal circuit courts have held that the one-year grace period for petitioners whose convictions became final prior to the enactment of AEDPA ends on April 24, 1997, not April 23, 1997. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (collecting cases). Although the Third Circuit has noted that "[a]rguably we should have used April 24, 1997, rather than April 23, 1997, as the cut-off date," *Douglas*, 359 F.3d at 261 n.5 (citing Fed.R.Civ.P. 6(d)), it appears that April 23, 1997 is still the relevant cut-off date in this circuit. In the present situation, however, Lum filed his petition well-past either cut-off date, rendering the one-day difference immaterial.

April 23, 1997 to timely file his petition.[2]

Lum did not file the instant petition until December 16, 2008.[3] Therefore, the petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2560 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). The court will discuss each doctrine in turn.

### B. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed application for state collateral review tolls AEDPA's limitations period during the time the application is pending in the state courts, including any post-conviction appeals, provided that the application is filed during AEDPA's one-year limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). In this case, Lum's Rule 61 motion has no statutory tolling effect because it was filed on August 17, 2006, more than nine years after the expiration of AEDPA's limitations period. Therefore, the petition is time-barred unless equitable tolling is available.

---

[2]The Superior Court's April 19, 2001 corrected sentencing order (and the Delaware Supreme Court's subsequent affirmance of that correction) does not affect the date on which Lum's judgments of conviction became final under § 2244(d)(1)(A) and, therefore, does not trigger a later starting date for the limitations period. *See, e.g., Elliott v. Carroll*, 2005 WL 283435, at *2 n.2 (D. Del. Jan. 28, 2005) (collecting cases). The April 19, 2001 order merely corrected the language of the order to conform to the statutory language in effect on the date of Lum's original sentencing, but did not modify the substance of the sentence. *See Martin v. Province*, 2010 WL 5093403, at *2 n.2 (N.D. Okla. Dec. 8, 2010); *see also Rojas v. United States*, 2011 WL 1467008, at *3 (S.D. Fla. Mar. 21, 2011) (§ 2255 motion).

[3]Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas application is deemed filed on the date he delivers it to prison officials for mailing to the district court, not on the date the application is filed in the court. *See Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003); *Burns*, 134 F.3d at 113; *Woods v. Kearney*, 215 F. Supp. 2d 458, 460 (D. Del. 2002) (date on petition is presumptive date of mailing and, thus, of filing). Although Lum's petition is not dated, the envelope for his petition is postmarked December 16, 2008. Accordingly, the court adopts December 16, 2008 as the date of filing.

### C. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S.Ct. at 2562. Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.*; *Miller v. New Jersey State Dept. of Corr.*, 145 F.3d 616, 618-19 (3d Cir. 1998). Consistent with these principles, the Third Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

> (1) where the defendant (or the court) actively misled the plaintiff;
> (2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones*, 195 F.3d at 159; *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001).

In *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004), the Court of Appeals for the Third Circuit recognized that equitable tolling may be appropriate where an attorney's conduct is so egregious that it is truly extraordinary and prevented the prisoner from timely filing a habeas petition despite prisoner's exercise of reasonable diligence in pursuing his claims. *Id.*; *see also Bacon v. Carroll*, 2007 WL 2727168, at *3 (D. Del. Sept. 17, 2007). Although the court liberally construes Lum's contention that the Delaware state courts should have excused the untimely filing of his Rule 61 motion because trial counsel erred by permitting the State to charge him by information rather than by a grand jury indictment (D.I. 2 at 28) as an attempt to trigger equitable tolling on the basis of ineffective assistance of counsel, Lum's argument is unavailing. First, Lum has not demonstrated, and court cannot discern, any causal relationship between counsel's conduct during Lum's criminal proceeding in 1989 and Lum's failure to

5

timely file the instant petition by April 23, 1997. Moreover, Lum fails to explain why he waited more than nine years after April 23, 1997 to file the instant petition or why he did not file his Rule 61 motion until four years after the Delaware Supreme Court affirmed the Superior Court's decision to correct his sentence in 2002. Given these circumstances, the court cannot conclude that Lum exercised the type of reasonable diligence in pursuing his claims that is required by *Schlueter*. Therefore, Lum's assertion of ineffective assistance does not trigger equitable tolling.

Additionally, to the extent Lum erred in his computation of AEDPA's one-year filing period, that mistake does not warrant equitably tolling the limitations period. *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) ("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling"); *Simpson v. Snyder*, 2002 WL 1000094, at *3 (D. Del. May 14, 2002) (a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes).

For all of these reasons, the court concludes that the doctrine of equitable tolling is not available to Lum on the facts he has presented. Accordingly, the court will dismiss the petition as time-barred.[4]

## III. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the

---

[4]Having determined that the petition is time-barred, the court will not address the State's alternative reason for denying the petition.

denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The court has concluded that Lum's petition filed pursuant to 28 U.S.C. § 2254 is time-barred. The court is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the court will deny Lum's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2)

An appropriate order will be entered.